# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **ADAM NICHOLAS CASEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:08-1373 |
| ) | |
| **Mr. ORMAN, Warden,** ) | |
| **FCI Beckley, West Virginia,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On December 1, 2008, Plaintiff,[1] acting *pro se* and formerly incarcerated at FCI Beckley in Beckley, West Virginia, filed a "Motion for Equitable Emergency Injunction Pursuant to 42 U.S.C.A. § 1983; Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; and Criminal Complaints Pursuant to Title 18 U.S.C.A. § 242."[2] (Document No. 1.) Plaintiff alleges as follows:

> Issue 1: Petitioner is being denied his fundamental constitutional rights of unrestricted access to the Courts, and due process by Mr Orman, Warden of FCI Beckley; Bownita Bowman, Supervisor of the Law Library; Mr. Koch, Counselor; Ms. Jack, Case Manager; Mr. Honaker, acting SHU-1; Mr. Foster, acting SHU-1; and Mr. Gershen, Superior Officer, in that all have shown a deliberate indifference to their duty and obligation to Petitioner's rights and liberties.
>
> Conclusion of Issue 1: Thus, the above noted federal officers are in violation of the United States Supreme Court law, Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), as well as the Constitution of the United States
>
> Relief Sought for Issue 1: That this Honorable Court set an "Emergency Injunction" for the deprivation stated above and Order all Officers at FCI Beckley that if a prisoner

---

[1] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on July 31, 2009.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in the Special Housing Unit asks for Court addresses or law books they are to receive them within a reasonable time of three (3) days, or to give reason why the prisoner will have to wait, and the reason be in writing so as to promote accountability, and/or liability, of the Officer. Also, Petitioner would like to make a Criminal Complaint on each of the above noted Officers under Title 18 U.S.C.A. § 242 to be held accountable for their actions, and to ensure that such actions of deliberate indifference and nonfeasance are not visited to any other prisoner to deprive one of any rights, privileges or liberties.

Issue 2: Petitioner is being denied his right to receive an adequate duration of time in the half-way house by Mr. Harding's, d.b.a./D.B.A. "Case Manager," arbitrary decision, capricious action, and wanton negligence, in that such decision will create great hardship on Petitioner, due to the fact that the request made by Petitioner for seven (7) months duration was adequate, not overreaching, and within the means of 18 U.S.C. § 3624(c)(1),(6)(A)(B)(C).

Conclusion of Issue 2: Such action of deprivation of Petitioner's right to receive the seven (7) months in the halfway-house is a criminal action under 18 U.S.C.A. § 242.

Relief Sought for Issue 2: That Mr. Harding be held accountable for his actions under 18 U.S.C.A. § 242 for depriving Petitioner of his right to receive an adequate amount of time to ensure the greatest likelihood for a successful reintegration back into the community.

Issue 3: Petitioner is being unlawfully detained for retaliatory purposes in the Special Housing Unit by Mr. Clark, Mr. Bowdway, Mr. Kirkland, and other unknown officers for exercising his right to remedy a wrong by means of Commercial/Contract Law for the commercial relationship that clearly exists between Petitioner and Mr. Harding who is d.b.a./D.B.A. "Case Manager."

Conclusion to Issue 3: The retaliation is apparent due to the allegation and detainment, therefore, of the 298 investigation by SIS Officers of "Interfering with Staff . . .", when Petitioner is clearly exercising his right to remedy a wrong by whatever law is applicable, because there is "no law" that states, or restricts, Petitioner. Petitioner is only allowed to exercise certain law to remedy wrongs visited upon him, but, in fact, Petitioner, can well as anyone, can use the law in all its different characters and methods to remedy the wrongs visited upon him, and created a remedy therefore.
    Further, Petitioner was in fact showing "good faith" by clarifying, as well as bringing it to his, Mr. Harding's, attention that he owed an obligation and had a right to fulfill to Petitioner, before the time had expired and the damages was done. Thus, causing liability, as well as a criminal act, on Mr. Harding's behalf.

Relief Sought for Issue 3: For this Court to issue an "Emergency Injunction" ordering for a cease and desist of the clearly bogus investigation, for Petitioner to be put back into general population with no further retaliation to be visited upon him.

> Other Issues: There are still other issues of violations going on at FCI Beckley. One, is there is no operable typewriter in the Special Housing Unit; the only one is an old 1950's manual that does not work. Two, there is a major lack of time to use the law library in the Special Housing Unit. Petitioner has been in the Special Housing Unit for three weeks and has only been allowed approximately two and a half (2 ½) hours of access to the Special Housing Unit's law library.
>
> Relief Requested for Other Issues: Have the Warden supply a useable typewriter; there is a room directly below the law library that has but a few mats in it that could be turned into a room for typing; to promote more time for use of law library when prisoners request books from main law library; plus more time for typing when a prisoner is in need.

(Id., pp. 12 - 16.)

On December 8, 2008, Plaintiff filed a "Motion to Amend the Motion for Equitable Emergency Injunction Pursuant to 42 U.S.C.A. § 1983; Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2241; and Criminal Complaint Pursuant to 18 U.S.C.A. § 242."[3] (Document No. 3.) In his Motion, Plaintiff states that he "would like to amend his motion by deleting Mr. Orman, Warden of FCI Beckley, because Mr. Orman has compelled his Officers to give the Petitioner the court's address and the law books Petitioner requested." (Id., p. 2.) Plaintiff states that he "would like to add Mr. Carter, Officer of Special Housing Unit-1; Mr. Prizell, acting SHU Property Officer; and Mr. Kirkland, SIS Technician. (Id.) Plaintiff asserts that Mr. Carter violated his constitutional rights by informing Plaintiff "that he could not take his one (1) hour recreation time in the law library in the SHU due to a custom, which Mr. Carter, acting SHU-1, gave the reason "we don't do law library during the day shift." (Id., p. 3.) Plaintiff contends that Mr. Prizell has "deprived him of his law work for a month now after several request have been made." (Id., pp. 3 - 4.) Plaintiff alleges that Mr. Kirkland subjected Plaintiff to cruel and unusual punishment by "accusing Petitioner of Federal Regulation violations 298

---

[3] By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Amend.

3

"Interfering with staff . . ." and 204 "Extortion, blackmail, protection . . ."[4] (Id., pp. 2 - 3.) Plaintiff requests that Criminal Complaints be issued against the above defendants. (Id., pp. 3 - 4.)

## ANALYSIS

**1.  Bivens Claim:**

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2)

---

[4] The Incident Report filed against Plaintiff alleges that Plaintiff "Interfered with staff in the performance of their duties - Most like to Extort, or Blackmail" on October 16, 2008. Specifically, the incident is described as follows (Document No. 3, p. 8.):

On October 23, 2008, an investigation was initiated after Poplar A Upper Case Manager Michael Harding received a letter from inmate Adam Casey, Reg. No. 11762-084, threatening to seize any and all of his personal property up to $80,000.00. On October 23, 2008, Mr. Harding received a letter addressed to him from Adam Casey. The letter was Certified Mailed with certified number 7006-2150-001-5675-4626, and post marked from the institution mail room on October 16, 2008. The certified mail left the institution and was post marked by the US Postal Service in Beaver, WV 25813 on October 17, 2008. Enclosed in the letter was a 6 page typed extortion letter, titled AFFIDAVIT OF PROOF OF CLAIMS. On page 5 and 6 of this letter to Mr. Harding, Casey states Mr. Harding or the Respondent, has 7 days plus 3 days mailing to respond to his proof of claims and secure his request for at least 7 months of halfway house, or Mr. Harding or Respondent agrees to pay him $80,000.00 and grants him the authority to Lien, Secure Judgment, Liquidate, and/or Sheriff Sale/Auction off the property of Mr. Harding or Respondent, to gain the agreed sum stated herein. Mr. Harding stated in his memorandum, he perceived Casey's actions as threatening in his attempt to extort money or more halfway house time from him, Mr. Harding, and feels Casey's actions are hindering his ability to perform his duties as Case Manager. It is also this investigator's belief that Casey's action interferes with Mr. Harding's ability to perform his duties as Case Manager. This investigation was concluded on November 19, 2008, at 3:00 p.m.

committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Therefore, the actions and conduct of federal agencies, officers and employees are not actionable under Section 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980)(a claim for relief under Section 1983 may be made only against persons who acted under color of state law). Rather, claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because the Defendants were acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983. The undersigned therefore will construe and consider Plaintiff's claims under Bivens.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or

controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In general therefore, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which he complained. Id. Plaintiff has requested only injunctive relief: (1) an Order requiring Defendant's provide Plaintiff with law books and the Court's address;[5] (2) an Order requiring that Plaintiff be placed back in general population; and (3) an Order requiring that the Warden supply "a useable typewriter . . . and more time for use of law library." (Document No. 1, pp. 13 - 16.) Having examined Plaintiff's Complaint, the Court has determined that Plaintiff alleges circumstances in violation of his constitutional rights while he was in confinement at FCI Beckley. Plaintiff's release from FCI Beckley, however, destroyed the "case or controversy" requirement concerning his claims. Accordingly, Plaintiff's claims for injunctive relief are moot. Because Plaintiff has not made a request for monetary relief, his Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

**2.    Section 2241 Claim:**

Next, Plaintiff alleges that Defendant Harding improperly limited the amount of time that Plaintiff could serve at a halfway house. Specifically, Plaintiff states that he "is being denied his right

---

[5] The undersigned notes that in Plaintiff's Motion to Amend, Plaintiff acknowledges that Defendants provided Plaintiff with the law books and the Court's address. (Document No. 3.)

to receive an adequate duration of time in the halfway house by Mr. Harding's arbitrary decision, capricious action, and wanton negligence."[6] The undersigned, however, finds that Plaintiff's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Plaintiff's release from custody, the Defendant can no longer provide the requested relief. Consequently, the Court can no longer consider Plaintiff's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Plaintiff's claim is rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v.

---

[6] It appears that Plaintiff received a 120 - 150 day placement in a halfway house. (Document No. 1, p. 20.) Plaintiff, however, contends that he should have been granted a seven month placement. (*Id.*, pp. 13 - 14.)

Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**3.     Request for Issuance of Criminal Complaints:**

Finally, Plaintiff requests that the Court issue criminal complaints against Defendants pursuant to 18 U.S.C. § 242.[7] It is well established, however, that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). The violation of a federal criminal statute does not provide for a private cause of action. United States v. Oguaju, 76 F.Appx. 579, 581 (6th Cir. 2003)(finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); Hester v. West Virginia, 2008 WL 4298471, * 6 (S.D.W.Va.)(stating that "no private right of action can be inferred from 18 U.S.C. §§ 241, 242"); and Powell v. Kopman, 511 F.Supp. 700, 704 (S.D.N.Y. 1981)(stating that 18 U.S.C. § 242, which is the criminal analogue to the Civil Rights Act, does not create a private right of action). Thus, Plaintiff has no right to initiate criminal proceedings against Defendants pursuant to 18 U.S.C. § 242. See Stoll v. Martin, 2006 WL 2024387, * 2 (N.D. Fla.)(stating that "Plaintiff's complaint fails to state a claim upon which relief can be granted under the criminal statutes 18 U.S.C. §§ 241 and 242, because a private citizen cannot initiate a federal criminal prosecution and

---

[7] Title 18 U.S.C. § 242 provides as follows, in pertinent part:

Whoever, under color of any law, statute, ordinance, regulation, or custom willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . ..

because these statutes do not provide a private right of action for damages"); Young v. Herald, 2005 WL 1048117, * 8 (E.D.Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); Kennedy v. Anderson, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and Dixon v. State of Maryland, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. See United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). Based on the foregoing, the undersigned finds that Plaintiff's request that criminal complaints be issued against Defendants should be denied.

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's "Motion for Equitable Emergency Injunction Pursuant to 42 U.S.C.A. § 1983; Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; and Criminal Complaints Pursuant to Title 18 U.S.C.A. § 242" (Document Nos. 1 and 3) and **REMOVE** this matter from the Court's docket.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 12, 2009.

R. Clarke VanDervort
United States Magistrate Judge